UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH RECZKOWSKI,

Plaintiff,

v.

CASE No. 8:08-CV-782-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of a portion of his claim for Social Security disability benefits.[1] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, and because he failed to make an adequate credibility determination, his decision will be reversed and the matter remanded for further consideration.

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high school education (Tr. 523, 524), has worked as a heavy equipment operator, mail carrier, machine operator, and roofer (Tr. 74, 79, 526). He filed a claim for Social Security disability benefits, alleging that he became disabled due to the implantation of a heart pacemaker and defibrillator (Tr. 73). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had impairments of chronic heart disease and angina (Tr. 32). He determined that the plaintiff has the residual functional capacity to perform a "wide range of light work with non-exertional limitations prohibiting moderate exertion and walking for longer than two hours out of an eight-hour workday" (Tr. 34). The law judge concluded further that the plaintiff could "perform a full range of light work" (Tr. 36, ¶ 6), could "perform substantially all of the full range of light work" (id., ¶ 11), and that "[t]he claimant's capacity for light work is substantially intact and has not been compromised by any significant

nonexertional limitations" (id., ¶ 13). He concluded that the plaintiff's limitations prevented him from returning to past work (Tr. 34). However, based upon the plaintiff's residual functional capacity, his age and his education, the law judge concluded that the medical-vocational guidelines indicated that there were jobs in significant numbers in the national economy that the plaintiff could perform (Tr. 34-35). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 35).

Upon the plaintiff's request, the Appeals Council granted review of the law judge's decision. The Appeals Council adopted the law judge's decision only to the extent that it states the law and the evidence (Tr. 8). It did not adopt the law judge's findings or conclusions regarding whether the plaintiff was disabled as of March 16, 2007 (id.). It concluded that, by that date, the plaintiff was disabled under the medical-vocational guidelines (Tr. 10).

The Appeals Council ruled, however, that the plaintiff was not disabled prior to that date. The Appeals Council found that the plaintiff had severe impairments of chronic heart disease and angina (Tr. 11). It found further (id.):

> The claimant's impairments results [sic] in the following limitations on his ability to perform work-related activities: perform a wide range of light work with limitation to walking no more than two hours in an eight-hour workday. In view of the above limitations, the claimant has the residual functional capacity to perform a full range of light work.

The Appeals Council determined that, in light of these limitations, the medical-vocational guidelines indicated that the plaintiff was not disabled prior to March 16, 2007 (id.).

## II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Appeals Council, as well as the law judge, considered the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the

criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The plaintiff challenges the law judge's decision on four grounds. However, the law judge's findings and conclusions were reviewed by the Appeals Council and, moreover, were not adopted (Tr. 8-12). Consequently, as the Commissioner points out (Doc. 10, p. 2), it is the decision of the Appeals Council that is binding and subject to judicial review. 20 C.F.R. 404.981; Hand v. Heckler, 761 F.2d 1545, 1547 n.1 (11th Cir. 1985). The plaintiff, nevertheless, challenges the law judge's decision and ignores the Appeals Council's decision. The Commissioner appropriately construes the plaintiff's arguments as being directed toward the Appeals Council's decision (Doc. 10, p. 5). So construed, two of the plaintiff's arguments have merit and warrant reversal.

The plaintiff contends that the law judge erred when he relied upon the medical-vocational guidelines exclusively to determine the existence

of work in the national economy that the plaintiff could perform, rather than employing a vocational expert for such a determination (Doc. 8, pp. 12-13). The Appeals Council, upon review, also employed the grids to determine that, prior to March 16, 2007, the plaintiff was not disabled (Tr. 11).

In its findings, the Appeals Council made the following confounding statement (id.)(emphasis added):

> The claimant's impairments results [sic] in the following limitations on his ability to perform work-related activities: perform a <u>wide range</u> of light work with limitation to walking no more than two hours in an eight-hour workday. In view of the above limitations, the claimant has the residual functional capacity to perform a <u>full range</u> of light work.

In the first place, this finding, on its face, is contradictory. The Appeals Council's conclusion that the plaintiff can perform a wide range of light work does not match its position that he can perform a full range of light work.[2] Moreover, the Appeals Council specified that the plaintiff's ability to perform light work was limited to walking for only two hours in an eight-hour workday, which is inconsistent with the ability to perform a full range of light

---

[2] The law judge came to a similar conclusion in this regard.

work. Thus, light work is defined as work that, among other things, "requires a good deal of walking or standing..." 20 C.F.R. 404.1567. Social Security Regulation SSR 83-14, 1983 WL 31254 (S.S.A.), states that "most light jobs ... require a person to be standing or walking most of the workday." The Commissioner makes no attempt to reconcile the Appeals Council's inconsistent findings, most likely because they are irreconcilable (see Doc. 10, pp. 12-13). Therefore, the Appeals Council erred when it found that the plaintiff, despite being unable to walk for more than two hours in an eight-hour workday, is able to perform a full range of light work. This error, moreover, precludes reliance on the grids.

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). In light of the plaintiff's inability to do a full range of light work, the law judge could not rely upon the grids, but was required to employ a vocational expert. "If the claimant cannot clearly do unlimited types of work at the exertional level in question, a VE must be

called." Maffia v. Commissioner of Social Security, 291 Fed. Appx. 261, 264 (11th Cir. 2008)(unpub. dec.), citing Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, supra, 957 F.2d at 837. There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. Id. at 839. He concluded that the claimant

could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. Id. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (id.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. Id. It was therefore error to rely upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

The Appeals Council's finding that the plaintiff was restricted to walking no more than two hours in an eight-hour workday means that the plaintiff was not able to perform unlimited types of light work.

Consequently, a vocational expert should have been employed. The failure to do so constitutes reversible error.

The plaintiff also challenges the credibility determination regarding the plaintiff's subjective complaints. The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n. 6.

The plaintiff testified that, due to his heart problems, he, among other things, could walk one city block, remain seated for about thirty minutes, gets dizzy when he stands, and needs to lie down and rest often during the day (Tr. 532, 539-40). The Appeals Council found that the plaintiff's "subjective complaints are not totally credible, for reasons stated in the hearing decision" (Tr. 11). However, as the plaintiff correctly argued (Doc. 8, pp. 14-15), the law judge did not meaningfully set forth any reasons for his credibility determination. The failure to articulate explicit and adequate reasons for discrediting the plaintiff's subjective complaints also warrants reversal. See Snyder v. Commissioner of Social Security, 2009 WL 1492653 at *4-*5 (11th Cir. 2009)(unpub. dec.).

The plaintiff contends, in addition, that the law judge improperly rejected the opinions of two treating cardiologists (Doc. 8, pp. 10-11). Of course, it is the decision of the Appeals Council that is being reviewed. Significantly, the Appeals Council gave its own reasons for discounting the opinions of the cardiologists (Tr. 10), and those reasons differ from the ones stated by the law judge (Tr. 34). Accordingly, the plaintiff's attack on the law judge's assessment of the cardiologists' opinions is off the mark. Since the

plaintiff has failed to show that the Appeals Council's evaluation of the cardiologists' opinions was flawed, he has not shown that he is entitled to prevail on this argument.

Similarly, the plaintiff complains that the law judge gave undue weight to the opinions of plaintiff's primary care physician, as well as to the opinion of a non-examining reviewing physician (Doc. 8, pp. 11-12). That argument is also misdirected because the Appeals Council did not indicate it was giving any weight to those opinions.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter is REMANDED to the Commissioner for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this _11th_ day of July, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE